Carla G. McClurg, CSB# 227738
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659

Attorney for Gail Brehm Geiger, Acting U.S. Trustee for Region 18

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | Case No. 15-31810-rld11 |
|---|---|
| Union Lumber Company, Inc.<br><br>Debtor. | UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

The Acting United States Trustee for Region 18, Gail Brehm Geiger (the "UST"), by and through her attorney, Carla G. McClurg, moves this court for an order dismissing this case, or, in the alternative, converting it to one under chapter 7 pursuant to 11 U.S.C. § 1112(b). Cause for dismissal or conversion exists because (1) the debtor has does not have authorization to use cash collateral to pay administrative expenses, including employee wages, and therefore does not have a reasonable likelihood of rehabilitation due to substantial or continuing loss to or diminution of the estate, and (2) the debtor has not timely filed its monthly operating report for April 2015.

## FACTUAL BACKGROUND

The debtor filed a voluntary chapter 11 petition on April 14, 2015. No trustee has been appointed in this case. The United States Trustee was not able to form a committee of unsecured creditors in this case. This case is jointly administered with the bankruptcy case *Mace A. Cadwell and Sherry A. Cadwell*, Case No. 15-31811-rld11.

The debtor operates a rock quarry and a lumber business in eastern Oregon. The debtor has approximately 26 employees with a monthly payroll of approximately $25,000. Payroll is paid once a month on the first of the month.

Substantially all of the debtor's real and personal property assets are encumbered by the liens of Community Bank, Banner Bank, and the Internal Revenue Services. The debtor has not obtained approval from the court in order to use cash collateral to pay its operating expenses.

The debtor is 100% owned by Mace A. Cadwell and Sherry A. Cadwell (the "Cadwells"). The Cadwells filed a voluntary chapter 11 petition, Case No. 15-31811-rld11, on April 14, 2015. The Cadwells also own 100% of the interests in Royal Rock USA, LLC ("Royal Rock").

The UST has been informed that Royal Rock paid the payroll due on May 1, 2015. The arrangement between Royal Rock and the debtor concerning the payment of employees has not been explained. It is not clear if Royal Rock intends to seek repayment or if the Cadwells authorized Royal Rock to gift funds to the debtor. Pursuant to a Temporary Restraining Order entered by the court on May 27, 2015 in the adversary proceeding entitled *Community Bank v. Royal Rock, et. al*., Adv. No. 15-3075-rld, Royal Rock, the debtor, and the Cadwells are enjoined from utilizing any cash in their possession for any purpose prior to June 4, 2015. The debtor therefore does not appear to be able to pay its employees on June 1, 2015.

The debtor is not complying with other requirements, including timely filing its April monthly operating report and providing to the UST and others documentation that a tax account has been opened and that sufficient funds to satisfy payroll withholding tax obligations are being deposited into the account.

**LEGAL ANALYSIS**

The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 2100-1 of the United States District Court for the District of Oregon. This matter is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A) and (O). Pursuant to 11 U.S.C. § 307, the UST may raise, appear, and be heard on any issue in any case or proceeding under Title 11.

Section 1112(b) of the Bankruptcy Code provides that the court shall convert a chapter 11 case to one under chapter 7 or dismiss a chapter 11 case, whichever is in the best interest of creditors and the estate, if the movant establishes "cause." The Bankruptcy Abuse and

Consumer Protection Act of 2005 ("BAPCPA") expanded the definition of "cause" for relief under § 1112(b) and limited the court's discretion under section 1112(b) once the movant establishes cause. See 11 U.S.C. §§ 1112(b)(1), (b)(2). Prior to BAPCPA, section 1112(b) provided that a court "may" convert or dismiss a chapter 11 case for cause. See In re Prods. Int'l Co., 395 B.R. 101, 108 (Bankr. D. Ariz. 2008).

Section 1112(b) includes a non-exhaustive list of examples of "cause" for the dismissal or conversion of a chapter 11 case. 11 U.S.C. § 1112(b)(4); see In re Consolidated Pioneer Mortg. Entities, 248 B.R. 368 (9th Cir. BAP 2000) (the list of cause in section 1112(b) is illustrative rather than exhaustive). In this case, "cause" exists to dismiss or convert this case because of substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (11 U.S.C. § 1112(b)(4)(A)) and failure to satisfy timely any filing or reporting requirement established under the Bankruptcy Code or Rules (11 U.S.C. §1112(b)(4)(F)).

Pursuant to § 1112(b)(1), once cause has been established, the court must determine whether conversion or dismissal is "in the best interests of creditors and the estate." In re Owens, 552 F.3d 958, 959 (9th Cir. 2009). Based on information currently available to the UST, it appears that dismissal in the best interests of creditors and the estate.

## CONCLUSION

This case should be dismissed, or in the alternative, converted to one under chapter 7.

DATED this 29th day of May, 2015.

Respectfully submitted,
GAIL BREHM GEIGER
Acting United States Trustee

/s/ Carla G. McClurg
Carla G. McClurg, CSB# 227738
Trial Attorney

# CERTIFICATE OF SERVICE

   I hereby certify that on May 29, 2015, I served a copy of the foregoing UNITED STATES TRUSTEE'S MOTION TO DIMSISS OR CONVERT CHAPTER 11 CASE by emailing a copy of this document to the following:

Rene Erm, Counsel for the Debtor (rene@ermlawoffice.com)

Bennett Goldstein, Counsel for Community Bank (bhgoldatty@comcast.net)

Joseph Van Leuven, Counsel for Banner Bank  (joevanleuven@dwt.com)

Katheleen Bickers, Counsel for the Internal Revenue Service  (kathleen.bickers@usdoj.gov; deryl.looney@usdoj.gov)

                GAIL BREHM GEIGER
                Acting United States Trustee


                /s/ Carla G. McClurg
                Carla G. McClurg, CSB# 227738
                Trial Attorney